UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK DOWNEY,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.

19-CV-5985 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On August 2, 2019, the Court consolidated this action with *Downey v. United States*, ECF 1:19-CV-6646, 2, dismissed the actions as frivolous, and noted that Plaintiff has filed 28 actions in United States District Courts nationwide, and that many of these actions have been deemed frivolous or meritless. (ECF No. 5 at 3.) The Court noted further that from June 19, 2019, through July 17, 2019, Plaintiff filed 18 complaints that are substantially similar to this complaint, and that Plaintiff was barred by the United States District Court for the Eastern District of Virginia from filing any new civil action or pleadings in any closed actions in that court without first obtaining permission, *see Downey v. United States*, No. 19-CV-0233 (E.D. Va. Mar. 26, 2019) (*Id.* at 4.)

    The Court therefore ordered Plaintiff to show cause by declaration within thirty days why he should not be barred from filing further actions *in forma pauperis* (IFP) in this Court without prior permission. Plaintiff filed his declaration on August 13, 2019, *see* ECF No. 6, and by order dated August 20, 2019, the Court held that Plaintiff's arguments against imposing the bar order were insufficient, barred Plaintiff from filing future civil actions IFP in this Court without first obtaining from the Court leave to file, and further warned that the continued submission of

vexatious, frivolous, or otherwise nonmeritorious documents may result in the imposition of additional sanctions, including monetary penalties. *See* ECF No. 7.

On August 30, 2019, Plaintiff filed a "Sample Complaint to Terminate Bar Order," challenging the August 20, 2019 bar order.

The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's

initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff attaches to his submission a complaint captioned for the "US District Court-Middle; NC-Greensboro-Madison." He seeks to "have the Court review the Sample Complaint and confirm that the enclosed Complaint conforms to the Courts standards, policies and procedural guidelines for an acceptable Complaint." (ECF No. 9 at 2.) He asserts further that "[i]t will Not be filed in the Court." (*Id.*)

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

3

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF No. 9) is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The warning that further warned that the continued submission of vexatious, frivolous, or otherwise nonmeritorious documents may result in the imposition of additional sanctions, including monetary penalties remains in effect. *See* 28 U.S.C. § 1651.

Plaintiff's case in this Court under Docket No. 19-CV-5985 (CM) is closed. The Court will only accept for filing documents that are directed to the Second Circuit Court of Appeals. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 3, 2019
        New York, New York

                                            COLLEEN McMAHON
                                          Chief United States District Judge